IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM LEE GRANT II, | ) | 8:18CV246 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| U.S. DEPARTMENT OF | ) | |
| TRANSPORTATION and | ) | |
| U.S. DEPARTMENT OF THE | ) | |
| TREASURY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his pro se Complaint on June 4, 2018 (Filing No. 1), and has been given leave to proceed in forma pauperis (Filing No. 5). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint consists of:

1. A signed photocopy of an employment discrimination complaint he filed in the Illinois Court of Claims on October 25, 2017, against the Office of the Illinois Governor, with the following handwritten alterations:

    A. The U.S. Department of Transportation and U.S. Department of Treasury are substituted as Defendants for the Illinois Governor.

    B. It is alleged that the Illinois Department of Transportation and Department of Employment Security receive funding from these federal agencies and are required to comply with federal laws.

2. Four exhibits, which are photocopies of orders entered by other federal courts, with certain handwritten notations:

   A. Text order entered by the United States District Court for the Central District of Illinois on March 22, 2018, in *Grant v. Illinois Department of Employment Security*, No. 3:18-cv-03054-CSB-EIL, dismissing complaint on initial review, as frivolous.[1]

   B. Memorandum Opinion and Order entered by the United States District Court of the District of Maryland on May 16, 2018, in *Grant v. U.S. Department of Transportation, et al.*, Civil Action No. GLR-18-1327, dismissing complaint on initial review, as frivolous .

   C. Order entered by the United States District Court of the Eastern District of Virginia on April 30, 2018, in *Grant v. United States Department of Treasury, et al.*, Case No. 1:18cv457, dismissing complaint with prejudice on initial review, as frivolous.

   D. Order entered by the United States Court of Appeals for the Federal Circuit on February 21, 2018, in *Grant v. United States*, Case No. 2018-1413, summarily affirming dismissal of complaint filed in the United States Court of Federal Claims, Case No. 1:17-cv-01785-LAS, for lack of jurisdiction.

---

[1] The district court viewed Plaintiff's complaint "as a continuation of Plaintiff's abuse of the pro se litigation process" because it "raise[d] irrational and wholly incredible issues which have all been previously dismissed by this court." Text Order of March 22, 2018 (citing 11 previously dismissed cases).

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted,[2] or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

It is clear from the face of Plaintiff's Complaint that the District of Nebraska is not a proper venue. "Any civil action on a tort claim against the United States ... may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Springfield, Illinois, and no act or omission forming the basis for the Complaint is alleged to have occurred in Nebraska.

If a plaintiff files a case in the wrong venue the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

---

[2] Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

it could have been brought." 28 U.S.C. § 1406(a).³ Here, the court will dismiss the case rather than unnecessarily burden the Central District of Illinois with another frivolous lawsuit filed by Plaintiff.

## IV. CONCLUSION

Pursuant to 28 U.S.C. § 1406(a), Plaintiff's Complaint will be dismissed without prejudice for improper venue.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed without prejudice.

2. Judgment will be entered by separate document.

DATED this 2nd day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

³ A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. *Thompson v. Ault*, No. 8:10CV240, 2010 WL 3733998, at *2 (D. Neb. Sept. 17, 2010) (citing cases).